1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   GILBERTO F. E.,[1]                         Case No. 2:19-cv-05368-AFM

12                        Plaintiff,

13          v.                                  **MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR THE AWARDING OF BENEFITS**

14   ANDREW SAUL,

15   Commissioner of Social Security,

16                        Defendant.

17

18          Plaintiff filed this action seeking review of the Commissioner's final decision

19   denying his application for social security disability insurance benefits. In accordance

20   with the Court's case management order, the parties have filed briefs addressing the

21   merits of the disputed issues. The matter is now ready for decision.

22                              **BACKGROUND**

23          On February 18, 2016, Plaintiff protectively applied for disability insurance

24   benefits, alleging disability beginning February 12, 2014. Plaintiff's application was

25   denied. (Administrative Record ["AR"] 80.) A hearing took place on April 30, 2018,

26   _____

27   [1]   Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

28

before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 32-63.)

In a decision dated July 2, 2018, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine status post discectomy and revision and fusion L5-S1. (AR 20.) After concluding that Plaintiff's impairments did not meet or equal any listed impairment for the period from February 12, 2014 through July 18, 2015, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work light work. Further, the ALJ determined that Plaintiff was not able to perform his past relevant work and that Plaintiff was disabled for the period February 12, 2014 through July 18, 2015. (AR 24.)

The ALJ also determined that medical improvement occurred relating to Plaintiff's ability to work, and there was an increase in Plaintiff's RFC. Beginning July 19, 2015, Plaintiff had the ability to perform light work except with the following limitations: lifting more than 15 pounds occasionally or 5 pounds frequently; sitting for more than four hours in an eight hour workday and for more than 45 minutes at a time; standing for more than two hours during an eight hour workday or for more than 20 minutes at a time; walking for more than two hours in an eight hour workday and for more than 15 minutes at a time; any work involving uneven surfaces, ladders, crawling, heavy machinery, extreme cold or repetitive twisting with the lumbar spine, working at heights, more than occasionally climbing stairs, and more than occasionally stooping, crawling, or kneeling. (AR 24-25.) Relying on the testimony of the VE, the ALJ concluded that beginning July 19, 2015, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff's disability ended July 19, 2015. (AR 26.)

1    The Appeals Council subsequently denied Plaintiff's request for review (AR

2    1-6), rendering the ALJ's decision the final decision of the Commissioner.

3                              **STANDARD OF REVIEW**

4    Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to

5    determine whether the Commissioner's findings are supported by substantial

6    evidence and whether the proper legal standards were applied. *See Treichler v.*

7    *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial

8    evidence means "more than a mere scintilla" but less than a preponderance. *See*

9    *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d

10   1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a

11   reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402

12   U.S. at 401. This Court must review the record as a whole, weighing both the

13   evidence that supports and the evidence that detracts from the Commissioner's

14   conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more

15   than one rational interpretation, the Commissioner's decision must be upheld. *See*

16   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

17                              **DISCUSSION**

18   Plaintiff contends the Commissioner's decision should be reversed because the

19   ALJ erred in her Step 5 determination[2] that an individual with Plaintiff's limitations

20   could perform jobs that existed in sufficient numbers in the national economy. Plaintiff

21   also seeks an award of benefits by the Court. The Commissioner disagrees that the ALJ

22

23

24   ---

[2]   To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R.
§§ 404.1520, 416.920. The steps are: (1) Is the claimant presently engaged in substantial gainful

25   activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's
impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does

26   the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R.
Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four;

27   (4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled.
If not, proceed to step five to determine if sufficient jobs exist in the national economy that could

28   be performed by a person with the claimant's impairments.

erred in the Step 5 determination but contends that other errors by the ALJ require a remand for further proceedings.

At step five, an ALJ addresses the question "Is the claimant able to do any other work?" If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1). The burden is on the Commissioner to establish the existence of other work for a person with claimant's impairments. The Commissioner may satisfy the burden to show jobs existed for the claimant in the national economy either (1) by obtaining testimony from a vocational expert or (2) by referencing the grids. *Lounsbury v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). If the grids do not "*completely and accurately* represent a claimant's limitations," the ALJ is required to obtain and consider vocational expert testimony. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (emphasis in original); *see* 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(d) ("If an individual's specific profile is not listed within [the Medical–Vocational Guidelines], a conclusion of disabled or not disabled is not directed."). When the grids do not apply, they must be used only as a "reference point" or "overall structure." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988). If a plaintiff's exertional level falls in the middle of two rules that direct opposite conclusions under the grids, i.e., "not disabled" under the higher rule but "disabled" under the lower rule, the ALJ must "call a vocational expert and hear testimony as to whether the claimant can perform *enough* light jobs in the national economy to warrant a finding of 'not disabled.'" *Id.* at 579–80 (emphasis in original).

Here, there is no dispute that the ALJ's RFC after July 19, 2015 was an exertion level less than light work but more than sedentary. It is also undisputed that as of February 4, 2017, Plaintiff changed age categories as he reached 50 and became a person "closely approaching advanced age." 20 C.F.R. Pt. 404, Subpt. P, Appendix 2,

§ 201.10.[3] Because Plaintiff reached age 50 on February 4, 2017 while still insured, he would be disabled under the grids if could only perform sedentary work as of this date. Under the RFC, Plaintiff was not able to perform all the requirements of light work, and therefore, the ALJ asked a vocational expert to help determine whether an individual with Plaintiff's RFC could perform jobs that existed in sufficient numbers in the national economy.

The VE was called as an expert witness by the ALJ, and the VE's qualifications as an expert were not questioned. Plaintiff's reply provides a description of the questioning of the VE at the hearing, which the Court finds to be as an accurate summary:

> The ALJ asked but one hypothetical question which contained restrictions *identical* to the restrictions of the medical advisor who had earlier testified *(see* AR 48-49 and *compare* to the ALJ's hypothetical at AR 58). Nowhere did the VE indicate he was "confused," and there is nothing to suggest he was. The VE asked the ALJ for "clarification" regarding the precise amount of sitting and standing the hypothetical question asked him to presume (AR 59). The ALJ provided that clarification, as well as a reminder that "the weight limitation" also must be considered, and also pointing out "that's what the doctor said" (AR 59). The ALJ then correctly pointed out "you're the expert" and "you need to tell me," clearly anticipating the VE would respond by identifying the occupational base available to the hypothetical person described in her question (AR 59). The VE responded "I'm going to have to bring it down to sedentary" (AR 59). He then cited three sedentary, unskilled occupations (AR 60). The ALJ did not further question the VE about his understanding of the hypothetical

---

[3] The Medical–Vocational Rules under 20 C.F.R. Part 404, Subpart P, Appendix 2 are sometimes referred to as "the grids."

1    question. Nor did she challenge the VE's understanding of her question in

2    her written decision. [ECF No. 22 at 2.]

3         Based on this testimony of the VE – identifying only sedentary jobs – Plaintiff

4    argues that the ALJ was required to find him disabled as of February 4, 2017 because

5    that is what the grids provide for one closely approaching advanced age. The

6    Commissioner, on the other hand, contends that the ALJ properly consulted the VE and

7    that the VE identified several occupations with a total of 130,000 jobs that a person like

8    Plaintiff could perform given the RFC – thus leading the ALJ to find that Plaintiff was

9    not disabled.

10        Although not cited by either side, the Court finds this issue to be addressed by

11   *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995). In *Distasio*, "[t]he ALJ found that

12   [the plaintiff] was capable of light work, but with limitations." 47 F.3d at 349. "The

13   vocational expert testified that [the plaintiff] could only perform what she believed

14   were sedentary jobs [and] [t]he Secretary accepted the testimony of the vocational

15   expert without qualification." *Id*. Because "[t]he Secretary failed to account for the

16   discrepancy between a finding that [the plaintiff] could perform light work and was

17   therefore not disabled, [and] the [VE's] testimony establishing that, at best, [the

18   plaintiff] could perform jobs that fell within the sedentary category," the Ninth

19   Circuit reversed and remanded for an award of benefits. *Id*. at 350.

20        As in *Distasio*, the ALJ here found Plaintiff capable of light work with

21   limitations and "accept[ed] the [VE's] testimony." And – just as in *Distasio* – the VE

22   here testified that Plaintiff could only perform sedentary work. The Ninth Circuit in

23   *Distasio* found reversible error because the Commissioner had not met her burden of

24   proof at Step 5: "The vocational expert's testimony established that, at best, [the

25   plaintiff] could perform jobs that fall within the sedentary category. The Secretary

26   has thus produced no evidence that [the plaintiff] is capable of any job other than

27   sedentary work." *Id*. at 350." Likewise, in the present case, the VE confirmed that

28   sedentary work is all that falls within the ALJ's RFC, and the VE explained why that

is the only kind of work available to an individual with those limitations. Under these circumstances, the Commissioner failed to meet his burden at Step 5 of showing that there is other work that Plaintiff can perform. To the contrary, for an individual of Plaintiff's age who is only capable of only sedentary work, the grids support a finding of "disabled" as of February 4, 2017. As a result, the decision of the ALJ for that time period was error and must be reversed.

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Here, the record is free from conflicts or ambiguities, and all essential factual issues have been resolved. Although the Commissioner makes a one-paragraph argument that the administrative record contains "inconsistencies and ambiguities," he does not specify what these are. Instead, the Commissioner generally asserts that the testifying medical examiner, Dr. Levine, lacked certain records that he requested during the administrative hearing. The Commissioner, however, does not contend that these records existed then or could now be obtained if the case were remanded for additional proceedings on the disability issue. After indicating that additional records would be helpful, Dr. Levine eventually provided a medical opinion during

the hearing upon which the ALJ relied,[4] and there is no indication in Dr. Levine's testimony that additional records would likely cause him to reduce Plaintiff's physical limitations. To the contrary, Dr. Levine's testimony suggests that additional records – if they existed – could permit him to find greater impairments from Plaintiff's spinal condition. (AR 39, 40, 43, 44, 47, 48.) The Commissioner also attempts to challenge the ALJ's disability finding for February 12, 2014 to July 18, 2015 with a generalized argument – stating simply that the ALJ did not adequately explain how she found an RFC for less than the full range of sedentary work during this time period. Again, the Commissioner's assertion is conclusory and contrary to the record. The ALJ's decision cited and discussed substantial medical and vocational evidence from the 2014-15 time period that provided the basis for the disability finding. The Court has examined the record and does not find unresolved factual issues, conflicts or ambiguities. Simply because the Commissioner failed to meet the burden of showing other work at Step 5 does give rise to a right to a remand and "do over" hearing before the ALJ.

In short, the Commissioner's arguments fail to show that a remand for further factual findings is warranted. Accordingly, as the Ninth Circuit did in *Distasio,* the Court finds that the appropriate remedy in the present case is an award of benefits.

\* \* \* \* \* \*

IT IS THEREFORE ORDERED that Judgment be entered as follows:

(1) For the period February 12, 2014, to July 18, 2015, the decision of the Commissioner that Plaintiff was disabled during that period is AFFIRMED.

---

[4] The ALJ also instructed Dr. Levine that "we've got to rely on the documents provided and the claimant does have the burden to establish the medical problems and the extent thereof, so at this point I can't suggest further development [of the record]." (AR 40.)

(2) For the period beginning February 4, 2017, the ALJ's decision is REVERSED, and Plaintiff is found to be disabled from February 4, 2017 through the present date.

(3)  In accordance with the foregoing, the matter is remanded for the awarding of benefits.

DATED:  7/7/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE